IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. _____ |
| v. ) | |
| ) | |
| DURACELL INC., ) | DEMAND FOR JURY TRIAL |
| ) | |
| Defendants. ) | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1. Symbology Innovations, LLC ("Symbology" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Duracell Inc., ("Duracell" or "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,424,752, titled "System and method for presenting information about an object on a portable electronic device" (the "'752 Patent"), attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Symbology Innovations, LLC is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

4. On information and belief, Duracell Inc. is an entity established in Delaware and may be served by its registered agent The Corporation Trust

*Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.*

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Delaware and the district of Delaware; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Delaware; (4) Defendant regularly conducts business within the State of Delaware and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this district; and (5) Defendant is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the products which contain the infringing '752 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in this district;

*Defendant solicits and has solicited customers in the State of Delaware and in this district; and Defendant has paying customers who are residents of the State of Delaware and this district and who each use and have used the Defendant's products and services in the State of Delaware and in this district.*

8. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. The Patent-in-Suit teaches systems and methods for enabling a portable electronic device (*e.g.*, smartphone) to retrieve information about an object when the object's symbology (e.g. QR code) is detected.

## SUMMARY OF INFRINGING ACTIONS

10. Duracell advertises it has "the most trusted lineup of batteries in the world." *See* Ex. 1, available at https://www.duracell.com/en-us.

11. Duracell also invites visitors to its website to "[l]earn how the technology used to make [Duracell's] long lasting batteries makes [Duracell] the #1 trusted battery brand." *See* Ex. 1.

12. Among the technologies Duracell utilizes to



promote its batteries and other products is the QR code. For example, Duracell utilized QR codes during the Olympics in its promotional material. See Figure 1.

Figure 1

## COUNT I
### (Infringement of U.S. Patent No. 8,424,752)

13. Plaintiff incorporates by reference the allegations of paragraphs 1-12, the same as if set forth herein.

14. The '752 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on April 23, 2013. The '752 Patent is presumed valid and enforceable. See 35 U.S.C. § 282.

15. Plaintiff is the owner by assignment of the '752 patent and possesses all rights of recovery under the '752 patent, including the exclusive right enforce the '752 patent and pursue lawsuits against infringers.

16. On information and belief, Defendant has infringed and continues to infringe on one or more claims of the '752 Patent—directly, contributorily, and by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '752 systems and methods, in violation of 35 U.S.C. § 271.

### Direct Infringement

17. On information and belief, Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '752 Patent through internal testing, quality assurance, research and development, and troubleshooting. See Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 775 (Fed.Cir.

1993); see also 35 U.S.C. § 271 (2006). For instance, Defendant has directly infringed the Patent-in-Suit by testing, configuring, and troubleshooting the functionality of QR codes on its products and services.

18. By way of example, Defendant has infringed and continues to infringe on at least one or more claims, including at least Claim 1 of the '752 Patent which teaches

> A method comprising:
> capturing a digital image using a digital image capturing device that is part of a portable electronic device;
> detecting symbology associated with an object within the digital image using a portable electronic device;
> decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device;
> sending the decode string to a remote server for processing:
> receiving information about the object from the remote server wherein the information is based on the decode string of the object.
> displaying the information on a display device associated with the portable electronic device.

19. On information and belief, at least through testing, quality assurance, troubleshooting, and research and development, Defendant employs a method wherein a digital image (e.g., "QR code") associated with its products is captured by the camera of a portable electronic device (e.g., a smartphone or a tablet) ("*capturing a digital image using a digital image capturing device that is part of a portable electronic device*"). See Figures



1, 2, and 3.



Figure 1            Figure 2            Figure 3

20. On information and belief, Defendant uses a smartphone, a tablet, or another similar device to detect symbology (*e.g.*, the QR code) associated with an object, such as the Defendant's infringing product exhibited below in Figure 4 ("*detecting symbology associated with an object within the digital image using a portable electronic device*").



Figure 4

21. On information and belief, Defendant uses a smartphone, tablet, or similar device to decode the symbology to obtain a decode string (e.g., hyperlink) using the visual detection application residing in the smartphone or tablet

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

("*decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device*"). *For example, a smartphone detects the symbology of the QR code on Defendant's product and decodes the digital image captured on the smartphone camera to produce a decoded hyperlink as shown in the figures below. The decoded string is sent to a remote server for processing as shown in Figure 5* ("*sending the decode string to a remote server for processing*").



*Figure 5*

22. On information and belief, *after clicking the hyperlink obtained by scanning the QR code associated with the product, the smartphone receives information about the product from a remote server.* ("*receiving information about the object from the remote server wherein the information is based on the decode string of the object*"). *The information is received and displayed on a smartphone as shown in Figure 6 below* ("*displaying the information on a display device associated with the portable electronic device*").



*Figure 6*

### Induced Infringement

23. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '752 Patent in the State of Delaware, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products affixed with QR codes that require the accused technology for intended functionality, testing, configuration, troubleshooting, and other utilization. End users include, for example, customers, retail store personnel, and other third-parties.

24. Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement."). For example, Defendant's website instructs

customers that "[w]hether you're looking for product or solutions brochures, instruction or application videos, printer software or drivers, the experts at SATO have compiled a library of resources to help you explore, operate and maintain your SATO printer." *See Ex. 1.*

25. The allegations herein support a finding that Defendant induced infringement of the '752 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016)("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

### Contributory Infringement

26. On information and belief, Defendant contributorily infringes on Symbology's '752 Patent. Defendant knew or should have known, at the very least as a result of its freedom to operate analyses, that third parties, such as its customers, would infringe the '752 Patent by implementing Defendant's QR code technology.

27. On information and belief, Defendant's implementation of the accused functionality has no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a

*product does not escape liability simply because the product as a whole has other non-infringing uses).*

### Willful Infringement

28. On information and belief, the infringement of the '752 Patent by Defendant has been and continues to be willful. Defendant has had actual knowledge of Symbology's rights in the '752 Patent and details of Defendant's infringement based on at least the filing and service of this complaint. Additionally, Defendant had knowledge of the '752 Patent and its infringement in the course of Defendant's due diligence and freedom to operate analyses.

### Plaintiff Suffered Damages

29. Defendant's acts of infringement of the '752 Patent have caused damage to Symbology, and Symbology is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Symbology's exclusive rights under the '752 Patent will continue to damage Symbology causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.

### REQUEST FOR RELIEF

30. Symbology incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed, contributorily infringed, and induced infringement of one or more claims of each of the

'752 Patent;

(b)   enter a judgment awarding Symbology all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all prejudgment and post-judgment interest at the maximum rate permitted by law;

(c)   enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '752 Patent

(d)   issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '752 Patent;

(e)   enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)   award Symbology all other relief that the Court may deem just and proper.

Dated: June 2, 2019

Respectfully submitted,

/s/ Stamatios Stamoulis
Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
800 N. West Street Third Floor
Wilmington, DE 19801
(302) 999-1540

KIRK. J. ANDERSON (SBN 289043)
kanderson@budolaw.com
M. GRANT MCARTHUR (SBN 321959)
gmcarthur@budolaw.com
BUDO LAW, LLP
5610 Ward Rd., Suite #300
Arvada, CO 80002
(720) 225-9440 (Phone)
(720) 225-9331 (Fax)

**Attorney(s) for Plaintiff Symbology Innovations, LLC.**